**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MARISOL CAMERO, ET AL.**, individually and on behalf of others similarly situated,

            Plaintiffs,

- against -

**THREE KIDS BAKING, INC. d/b/a FRESH FOOD KITCHEN, NADIR GILLANI**, and **JOHN DOE a/k/a SONNY**

            Defendants.

---

13 Cv. 7940 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    On or about November 7, 2013, the plaintiffs brought this action against the corporate defendant Three Kids Baking, Inc., and the individual defendant, Nadir Gillani, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. As of December 19, 2013, the individual defendant, proceeding pro se, had not filed an answer to the Complaint or otherwise defended the action, and the corporate defendant had not appeared through counsel. See Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (noting that corporate entities must be represented by legal counsel in order to appear in court). On that date, the plaintiffs moved for a default judgment against both defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

1

On July 30, 2014, after several adjournments requested by the plaintiffs, the defendants still had not appeared to defend the action, and the Court issued an Order to Show Cause for a Default Judgment against both defendants.  On September 3, 2014, the Court held a default hearing where neither defendant appeared.  The Court adjourned the hearing to September 18, 2014, and at that hearing, Gillani appeared.  Thereafter, the Court referred the case to Magistrate Judge Netburn for settlement discussions.  After the defendants failed to appear at a scheduled settlement conference, Judge Netburn appointed pro bono counsel for the corporate defendant for the limited purpose of settlement.  On February 26, 2015, a settlement conference was held where all parties appeared, and the parties failed to reach a settlement.

On April 21, 2015, this Court held a conference and the defendants failed to appear.  On the same day, the Court issued an Order stating that another conference would be scheduled for May 6, 2015, and that if the defendants did not appear, a default judgment would be entered against them.  The Court sent a copy of this order to Gillani.  The plaintiffs also submitted an affidavit declaring that on April 22, 2015, they informed Gillani of the May 6 conference by phone.  <u>See</u> Taubenfeld Decl. ¶ 3 (ECF No. 46).  The plaintiffs also sent a copy of the April

21 order and a transcript of the April 21 conference to Gillani by e-mail. Although Gillani responded to the plaintiffs by e-mail requesting an adjournment of the May 6 conference, the Court never received any such request from the defendant. At the conference held on May 6, the defendants did not appear.

As stated on the record at the May 6 conference, the plaintiffs are entitled to a default judgment against both defendants. The corporate defendant has yet to appear in this action through counsel, and no defendant has submitted an answer or otherwise defended the action. The defendants have been in default for almost one and a half years. See, e.g., Soundkillers, LLC v. Young Money Entm't, LLC, No. 14cv7980, 2015 WL 711723, at *1 (S.D.N.Y. Feb. 19, 2015) (granting default judgment in favor of plaintiff where defendants had not appeared or defended the action for over a year). Accordingly, a default judgment against the defendants is warranted. The Court will refer this case to the Magistrate Judge for an inquest on damages.

**SO ORDERED.**

**Dated:**   New York, New York
            May 7, 2015                       _____/s/_____
                                              **John G. Koeltl**
                                              **United States District Judge**